Martin, 3.
This is a suit against the maker and endorser of two promissory notes. There was judgment against the first, and a judgment as in case of nonsuit in favor of the second. The plaintiff appealed, the endorser alone being cited.
The certificate of the notary attests that, as to the first note, he put a notice to the endorser and appellee in the post-office, diligent inquiry having been vainly used to discover his residence. This was done on the 23d of December, 1839, the 22d being Sunday, and the note having been protested on the 21st.
As to the second note, the certificate attests that the notary gave notice of the protest to the endorser on the 22d of June, 1839, (the protest having been made the preceding day,) in a letter *538 addressed to him, which he left at the domicil of L. E. Forstall, a subsequent endorser; his diligent efforts to discover the domicil of the appellee having been fruitless.
The counsel for the endorser and appellee has urged, that it does not appear that the notary used proper diligence to discover his client’s domicil; that the certificates do not state the dates of the notices to the endorser, and that the notice of the protest of the second note ought to have been put in the post-office.
The testimony shows, that the notary made inquiries for the residence of the endorser, at the Merchants’ Exchange. St. Charles Exchange, St. Louis Hotel, at Bishop’s and the Yerandah. This appears to us sufficient, especially as the Merchants’ Exchange and the post-office are under the same roof. The certificates ought certainly to state the day on which the notice was given to the endorser ; but nothing requires that it should state .the date of the letter which contains that notice. The notice of protest of the second note was improperly given in a letter directed to the endorser, but left at the domicil of Forstall, a subsequent endorser. The letter ought to have been lodged in the post-office. Bui. & Curry’s Dig. 43.
The court erred, in our opinion, in giving judgment of non-suit on the second note.
It is, therefore, ordered, that the judgment be annulled and reversed ; and that the plaintiff recover from the endorser and appellee the sum of two hundred and twenty dollars and fifty cents, with legal interest from the 21st day of December, 1839, until paid, with costs in both courts; reserving to the plaintiff his right on the second note, if any he has.